## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**LUCILLE BISHOP**                          *

                                  *

             **v.**                          *          **Civil Case No. RDB-13-519**

                                    *

**COMMISSIONER, SOCIAL SECURITY**          *

                                  *

                         **\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions. ECF Nos. 14, 20. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Bishop applied for Disability Insurance Benefits and Supplemental Security Income on March 26, 2010, alleging a disability onset date of June 9, 2009. (Tr. 151-61). Her claims were denied initially on June 1, 2010, and on reconsideration on September 17, 2010. (Tr. 117-21, 125-28). An Administrative Law Judge ("ALJ") held a hearing on May 23, 2011, (Tr. 72-112), and subsequently denied benefits to Ms. Bishop in a written opinion dated July 28, 2011. (Tr. 20-38). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Bishop suffered from the severe impairments of asthma and episodes of pneumonia with chronic tobacco abuse, hypertension, hyperthyroidism, and anemia.

(Tr. 22). Despite these impairments, the ALJ determined that Ms. Bishop retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can lift 10 pounds occasionally and less than 10 pounds frequently. She can stand for a maximum of 2 hours during a normal workday, but no more than 15 minutes at any one time. She can perform occasional postural activities (i.e., climbing, stooping, balancing, kneeling, crouching, and crawling). She must avoid concentrated exposure to fumes, dust, gases, odors, and other respiratory irritants.

(Tr. 25). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Ms. Bishop could perform. (Tr. 37). Accordingly, the ALJ determined that Ms. Bishop was not disabled. (Tr. 38).

Ms. Bishop disagrees. She raises two primary arguments in support of her appeal: (1) that the ALJ did not make specific findings as to how long Ms. Bishop can sit during a normal workday; and (2) that the Appeals Council did not properly weigh the new and material evidence she submitted. Although Ms. Bishop's first argument lacks merit, I concur that the Appeals Council erred in considering some of the new and material evidence. As a result, I recommend that the case be remanded for further consideration of that evidence. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Bishop is not entitled to benefits is correct or incorrect.

Beginning with the unpersuasive argument, although the ALJ did not specifically address Ms. Bishop's ability to sit, the ALJ's determination that she was capable of a reduced range of sedentary work contains inherent findings as to her ability to sit. *See* SSR 83-10, 1983 WL 31251, at *5 ("[A]t the sedentary level of exertion, periods of standing and walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday."). The implied finding is further demonstrated by the ALJ's finding that Ms. Bishop "can stand for a maximum of 2 hours during

a normal workday." (Tr. 25). In fact, the limitation to sedentary work, despite the opinions of

state agency medical consultants suggesting less stringent exertional limitations, (Tr. 392-99,

654-61), evidences the careful weighing of the evidence of record. As a result, there is no error

in the physical RFC assessment.

Ms. Bishop succeeds, however, in arguing that the Appeals Council improperly

considered some of the "new and material" evidence presented.[1] Pl. Mot. 29-34. The

Commissioner correctly notes that the regulatory scheme only requires the Appeals Council to

"'consider new and material evidence . . . in deciding whether to grant review.'" *Meyer*, 662 F.3d

at 706 (quoting *Wilkens*, 953 F.2d at 95). When the Appeals Council denies review, it is not

required to take any specific action in response to new and material evidence, and is not required

to provide a detailed explanation of its evaluation. *Id.* Thus, had the Appeals Council simply

indicated that it had considered all of the new and material evidence and that it had found no

basis for altering the ALJ's decision, its opinion could have been affirmed. However, the

Appeals Council included an explanation in this case reflecting an error that apparently limited

its consideration of some of the documents. The Appeals Council wrote:

> We also looked at the medical source statement from Dr. Pratts dated September
> 20, 2011; the medical source statement from Dr. Hallowell dated September 22,
> 2011; and the medical source statement from Dr. Fadirepo (undated) but indicated
> in representative's brief as being dated September 6, 2011. The Administrative
> Law Judge decided your case through July 28, 2011. *This new information is
> about a later time.* Therefore, it does not affect the decision about whether you
> were disabled beginning on or before July 28, 2011.

(Tr. 2) (emphasis added). It appears that the Appeals Council believed the dates of the opinions

to be determinative. In fact, however, a review of the medical source statements from Dr. Pratts

---

[1] I note that several of the allegedly "new and material" documents are additional opinions issued by Ms. Bishop's treating physician, Dr. Fadirepo. The ALJ expressly considered one of Dr. Fadirepo's opinions, and the subsequent opinions are arguably not "new" because they are both duplicative and cumulative. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (citing *Wilkins v. Sec 'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)) (noting that evidence is not new where it is duplicative or cumulative).

and Dr. Hallowell indicate that both opinions pertained to the time frame between January, 2011 through September, 2011, and not simply to a period post-dating the ALJ's decision. (Tr. 247-49, 250-52). The Appeals Council's faulty analysis suggests that it did not adequately review or consider the contents of those reports.[2] Accordingly, I cannot conclude that the Appeals Council fulfilled its duty to consider all of the new and material evidence in deciding to decline review. *See* 20 C.F.R. § 404.970(b). Remand is therefore appropriate for full consideration of the new and material evidence by the Commissioner.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 20);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 14); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.

Dated: December 27, 2013                                                   /s/
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge

---

[2] After proper review, the Appeals Council may find the physicians' opinions not material. Evidence is only material if there is a "reasonable possibility [it] would have changed the outcome." *Wilkens*, 953 F.2d at 96. Here, the assessments of Drs. Pratts and Hallowell were submitted without any treatment notes or records of diagnostic tests they performed. "[I]f a physician's opinion is not supported by clinical evidence . . . it should be accorded significantly less weight." *Craig*, 76 F.3d at 590; *see also* 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2). However, "it is not within the province of a reviewing court to determine the weight of the evidence," *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990), so that decision must be left to the Commissioner.