# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUCILLE BISHOP, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| v. | * | Civil Case No. RDB-13-519 |
| | * | |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

## REPORT AND RECOMMENDATIONS

Lucille Bishop has filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $5790.50. (ECF No. 23). Because Ms. Bishop did not consent to a magistrate judge for all proceedings, her request for attorney's fees has been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner and Plaintiff subsequently stipulated and agreed to an award. (ECF No. 26). However, because a Report and Recommendations is just that, a recommendation subject to the District Court's review, I have comprehensively reviewed all of the supporting documents underlying Ms. Bishop's fee request herein. For the reasons set forth below, I recommend that Ms. Bishop's Petition for Attorney's Fees be GRANTED in part and DENIED in part.

### I. BACKGROUND

Ms. Bishop filed an application for Disability Insurance Benefits and Supplemental Security Income on March 26, 2010. (ECF No. 10 at Tr. 151-61). She was represented in the hearing before the Administrative Law Judge ("ALJ") by Maximillian F. Van Orden. (ECF No.

10 at Tr. 20). Subsequent to a denial of benefits through the administrative appeals process, on February 18, 2013, Ms. Bishop petitioned this Court to review the Social Security Administration's decision to deny her claims. (ECF No. 1). At the federal district court level, Ms. Bishop has been represented by Vincent Piazza, Esq.[1] *See id.* Both parties submitted motions for summary judgment. (ECF Nos. 14, 20). On January 15, 2014, based on my report and recommendations, this Court denied both motions, and remanded the case to the Commissioner for further proceedings. (ECF No. 22).

On February 4, 2014, Ms. Bishop timely filed the instant motion for attorney's fees for Mr. Piazza under the EAJA and 42 U.S.C. §§ 406(b), 1383(d)(2).[2] (ECF No. 23). Ms. Bishop and the Commissioner later agreed to a fee of $5400.00 for 31.3 hours of work, which amounts to a billing rate of $172.52 per hour. (ECF No. 26).

## II. ANALYSIS

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); *Crawford*, 935 F.2d at 656.

---

[1] Mr. Piazza also represented Ms. Bishop in front of the Appeals Council. (ECF No. 10 at Tr. 221-27).

[2] Consideration of fees pursuant to § 406(b) and § 1383(d)(2) will be deferred because such fees are only appropriate where there is an actual award of benefits. If the SSA allows Ms. Bishop's claim upon remand, counsel should renew the request for fees under § 406(b) and § 1383(d)(2) within thirty days from the date of the Plaintiff's Notice of Award.

Once the district court determines that the plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

Mr. Piazza is a highly experienced claimants' attorney, and has filed more than 150 Social Security appeals in this Court since it adopted electronic filing. This Court has previously disallowed or implemented a percentage reduction across the total number of hours where Mr. Piazza's accounting practices lacked clarity or did not reflect reasonable billing judgment. *See Allen ex rel. D.A. v. Colvin*, No. SAG-11-1668, 2014 WL 292397 (D. Md. Jan. 23, 2014); *Dyer v. Colvin*, No. RDB-13-432, 2014 WL 1271159 (D. Md. Mar. 25, 2014). In Ms. Bishop's case, those same questionable practices are demonstrated. In the application for attorney's fees, Mr. Piazza's accounting of hours billed for work before this Court totals 31.3 hours at a rate of $185 per hour for a total of $5,790.50 in requested attorney's fees. (ECF No. 23, Ex. 2). Mr. Piazza and the Commissioner later agreed to an award of $5,400.00, reflecting a small reduction of $390.50. (ECF No. 26). The government's Stipulation and Judgment for Payment of Attorney's Fees does not include any explanation as to the basis for the reduction. For the reasons set forth below, I recommend the requested amount in attorney's fees be further reduced.

Mr. Piazza's schedule of services includes listed items that are ministerial tasks, normally performed by administrative staff, secretaries, or legal assistants instead of counsel. While it is not entirely clear from the record submitted, it appears that Mr. Piazza personally performed all of the work. However, "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total attorney fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all"). [3] Therefore, I recommend the .9 hours claimed by Mr. Piazza for preparing and releasing the service of summons and complaint to the Attorney General, General Counsel, and U.S. Attorney and the .4 hours for electronically filing the summons returned by the Attorney General, General Counsel, and U.S. Attorney be disallowed.[4] Further, Mr. Piazza billed from .2 to .3 hours per entry for "receiving and reviewing" a number of one-page form letters or orders. It should not take an experienced attorney twelve to eighteen minutes to review such documents, especially where, as here, they are filed in nearly all of the numerous Social Security cases Mr. Piazza handles. A reasonable time to complete those tasks is .1 hour at most, and I recommend the time

---

[3] Clerical tasks should also not be billed under 42 U.S.C. § 406(b) or § 1383. *See Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (finding clerical tasks non-compensable under 42 U.S.C. § 406(b)).

[4] Another time entry of 1.5 hours reads, "Prepared and filed Complaint, Summons, and Motion to Proceed in Forma Pauperis[.]" Other claimants' counsel classify the preparation of those documents as clerical or ministerial because they are form documents filed in every Social Security appeal with little substantive content. I am not prepared to determine, however, that these tasks could not constitute legal work. Regardless, I recommend allowing the 1.5 hours claimed, in light of the Commissioner's consent and the percentage-based reduction contained herein.

allowed for each of those entries be reduced accordingly.[5]  Finally, I recommend reducing the billed time from .3 hour to .1 hour for electronically filing the Motion for Summary Judgment, a simple task that Mr. Piazza's firm has undertaken at least dozens, if not hundreds, of times.

Mr. Piazza also billed 18.7 hours for drafting the Motion for Summary Judgment from "7/8/13-7/21/13" and 5.6 hours for researching and outlining a draft of the transcript from "6/26/13-7/3/13[,]" which amounts to 24.3 hours to prepare the Motion for Summary Judgment. The total hours for drafting the motion are at the upper limit of plausibility, seeing as Mr. Piazza's Motion for Summary Judgment included only two legal arguments, one of which was dispensed with in a single paragraph. (ECF No. 14 at 29-34).  Furthermore, billing for a single task over a span of several days or weeks prevents me from assessing the reasonableness of the hours requested.  In the future, billing records submitted to the Court should include discrete entries for each date, specifying the amount of time spent on each task.

"Where the documentation of hours is inadequate, [a] court may reduce the award accordingly."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  A fee applicant has the burden of proving the reasonableness of hours for which compensation is requested by submitting to the court contemporaneous time records that show how the requested hours were allotted to specific tasks. *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000).  Because of the imprecise tracking of hours and tasks throughout the itemized statement of fees, including billing for the largest single time entry over a span of fourteen days, I recommend reducing the total hours allowed by twenty percent.[6]  S*ee Project Vote/Voting for Am., Inc. v. Long*, 887 F.

---

[5] Those items are as follows: "Received and reviewed materials from Federal Court," "Received Defendant's Consent Motion to Magistrate and Notice of Appearance[,]" and two listings for "Received and reviewed Consent Motion for Extension of Time filed by Defendant[.]"

[6] The percentage reduction should apply after accounting for the specific hourly reductions discussed above.

Supp. 2d 704, 716-17 (E.D. Va. 2012) (reducing a total fee award by ten percent where attorneys provided vague and incomplete information and "block billed" or lumped several tasks under a single entry); *E.E.O.C. v. Nutri/Sys., Inc.*, 685 F. Supp. 568, 574-77 (E.D. Va. 1988) (reducing fee award by twenty-five percent where attorney submitted inadequate descriptions and breakdown of tasks, and did not provide justification to support his request of the prevailing market rate); *Miller v. Bowen*, 639 F. Supp. 832, 836 (E.D.N.C. 1986) (reducing by twenty-five percent hours requested by plaintiff's attorney in Social Security appeal where hours billed for preparing brief were excessive and billing records did not provide accurate accounting of hours expended).  While twenty percent is more than the ten percent reduction in attorney fees implemented by this Court in previous cases, an increase in the total reduction is warranted because Mr. Piazza has not sufficiently adjusted his billing practices to reflect the previous recommendations of this Court.[7]

Moreover, since Mr. Piazza's previous EAJA fee request in *Dyer*, he has apparently raised his hourly rate from $125 per hour to $185 per hour.  Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412.  Mr. Piazza has not offered an explanation as why a higher rate is justified.  An hourly rate of $185 per hour corresponds to that paid to other plaintiffs' attorneys in Social Security appeals, who have offered cost of living justifications for the higher rate.  However, Mr. Piazza's claimed hours well exceed those

---

[7] *Allen*, 2014 WL 292397 was published on January 23, 2014, giving Mr. Piazza ample opportunity to make adjustments prior to submitting this fee petition on February 4, 2013.  While *Dyer*, 2014 WL 1271159 was not published until March 25, 2014, after submission of the petition at issue here, Mr. Piazza has had the opportunity to amend his request in the intervening months.

typically claimed by his peers, and his requested fee is therefore significantly higher than the fees generally paid to his peers.

Overall, the recommended adjustments will reduce the total hours billed from 31.3 hours to 23.36. Thus, I recommend that Mr. Piazza be awarded $4,321.60, instead of the requested $5,790.50. An award of $4,321.60 leaves this case well above the heartland of recent attorney fees awarded by this Court for successful Social Security appeals in the same procedural posture. *See Chandler v. Colvin*, No. SAG-12-2712 (awarding $1,863.08 on May 12, 2014); *Vogel v. Colvin*; No. GLR-13-911 (awarding $3,802.76 on April 15, 2014 where claimed hours included five hours for preparing a response brief); *Walters v. Colvin,* No. SAG-13-1777 (awarding $2,200.00 on May 1, 2014); *McPherson v. Colvin*, No. SAG-13-1149 (awarding $2,630.00 on Feb. 27, 2014); *Carr v. Colvin*, No. SAG-13-1637 (awarding $2,642.50 on Feb. 25, 2014); *Jackson v. Colvin*, No. SAG-12-3178 (awarding $1,863.06 on Feb. 19, 2014); *Desombre v. Colvin*, No. SAG-12-2246 (awarding $2,533.60 on Feb. 19, 2014); *Aponte v. Colvin*, No. SAG-11-2446 (awarding $2,245.69 on Feb. 19, 2014); *Powers-French v. Colvin*, No. SAG-12-3785 (awarding $2,049.57 on Feb. 19, 2014); *McCarraher v. Colvin*, No. SAG-12-1902 (awarding $2,275.00 on Feb. 19, 2014); *Mitchell v. Colvin*, No. SAG-12-2871 (awarding $2,254.40 on Feb. 14, 2014); *Bradshaw v. Colvin*, No. SAG-12-929 (awarding $2,160.84 on Feb. 7, 2014); *Portillo v. Colvin*, No. SAG 11-2978 (awarding $1,987.89 on Feb. 7, 2014); *Dudley v. Colvin*, No. SAG-11-791 (awarding $1,928.42 on Feb. 7, 2014).[8] I again recommend that Mr. Piazza revisit his billing practices and institute better practices in his accounting of hours, as future fee requests that remain above the norm will be scrutinized by this Court to ensure that they are adequately justified.

---

[8] One New York firm typically has slightly higher total fee amounts than the heartland. However, that firm's fees are an outlier, and the hours spent on briefing, even when they include time spent drafting a response brief, are still lower than those claimed by Mr. Piazza, who did not file any response.

### III.  CONCLUSION

Based on the foregoing, I recommend that the Court GRANT in part and DENY in parts. Bishop's Petition for Attorney's Fees.  Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated: May 19, 2014                                             /s/
                                                Stephanie A. Gallagher
                                                United States Magistrate Judge